Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1226 | **DATE** | September 29, 2000 |
| **CASE TITLE** | Ford d. Mannesmann | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's motion for remand [3-1] is denied. A status conference is set for October 18, 2000 at 9:30 a.m.

(11)    [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 02 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | 00 SEP 29 AM 11: 28 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

00-1226.001                                                    September 29, 2000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LAWRENCE FORD, )
)
    Plaintiff, )
)
vs. )
)
MANNESMANN DEMATIC CORP., )
a corporation, ) No. 00 C 1226
)
    Defendant )
)
    and )
)
S & S STEEL WAREHOUSE, INC., )
a corporation )
)
    Respondent in Discovery. )

DOCKETED
OCT 02 2000

## MEMORANDUM OPINION

Plaintiff's motion for remand is before the court. For the reasons stated below, the motion is denied.

## BACKGROUND

Plaintiff Lawrence Ford, who resides in Illinois, brought this suit in the Circuit Court of Cook County, Illinois against defendant Mannesmann Dematic Corporation ("Mannesmann"), a Michigan corporation with its principal place of business in Ohio. Ford named S & S Steel Warehouse, Inc. ("S & S Steel") as a respondent

-2-

in discovery.[1]/ The complaint, filed on October 29, 1999, alleges that Ford was employed by S & S Steel, located at 2605 Federal Signal Drive in University Park, Illinois, and that S & S Steel purchased a remote-operated crane from defendant Mannesmann. The complaint further states that on April 6, 1999, Ford fell approximately thirty feet while attempting to repair the crane's electrical system, and sustained injuries. The occurrence is alleged to have been caused by the dangerous condition of the crane and Mannesmann's negligence.

The following facts are not in dispute. Plaintiff served defendant with the complaint, which prays for damages in excess of $50,000, on November 4, 1999.[2]/ On January 7, 2000, defendant served plaintiff with a request to admit that the damages plaintiff seeks exceed $75,000. Under the applicable state rule, plaintiff had until February 4, 2000 to respond to the request, and because he failed to do so, plaintiff was deemed to have admitted that the damages he sought were in excess of $75,000 as of that date. See

---

[1]/This is a non-party category of "those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." 735 ILCS 5/2-402; see Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, n.2 (7th Cir. 1996).

[2]/Plaintiff was limited in the amount it could plead by an Illinois provision which states that "no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed," 735 ILCS 5/2-604, which in Cook County is $50,000.00.

Ill. S. Ct. R. 216(c). Plaintiff did file responses on February 14, 2000, admitting that the value of the case exceeds $75,000. Defendant removed the case to this court on March 1, 2000, based on diversity jurisdiction. Plaintiff now moves to remand, arguing first that Mannesmann's notice of removal was untimely and second that there may be a problem with subject matter jurisdiction.

## DISCUSSION

### I. Defendant's Notice of Removal was not Untimely

Jurisdiction based on diversity exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. See 28 U.S.C. § 1332(a)(1) (1993 & Supp. 2000). There is no dispute as to either the diversity of the parties Ford and Mannesmann or the amount in controversy. Only the timeliness of the removal is at issue.

Removal is governed by 28 U.S.C. § 1446(b), which permits a defendant to remove a case from state to federal court in two situations. The first situation, as outlined in the first paragraph of 28 U.S.C. § 1446(b), requires the defendant to file a notice of removal in the federal district court within thirty days of receiving a copy of the complaint. The second situation is covered by paragraph two of § 1446(b):

[i]f the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In this court, removal is also governed by Local General Rule 81.2 (to which we will refer as Local Rule 3, its former designation, as both parties have referred to it as such in their briefs, as have the court opinions we discuss). This rule provides the procedure for a defendant to follow on filing a notice of removal, where the complaint does not contain an express ad damnum that exceeds the jurisdictional amount in controversy as to at least one claim in the complaint. It requires the defendant to include in its notice of removal: (1) a statement of its good-faith belief that the amount in controversy exceeds the jurisdictional amount and (2) with respect to at least one plaintiff, either (a) a response to an interrogatory or (b) an admission or deemed admission that acknowledges - or declines to acknowledge - that the damages sought exceed the jurisdictional amount. A plaintiff is deemed to have admitted that the amount in controversy exceeds the jurisdictional amount if that plaintiff fails to serve a timely denial in response to a request to admit.

Local Rule 3 also provides that the defendants' receipt of an interrogatory response or an admission or deemed admission as described above "shall constitute the receipt of a 'paper from which it may first be ascertained that the case is one which is or has become removable' within the meaning of 28 U.S.C. § 1446(b)."

Local Rule 3 must be read in conjunction with § 1446(b) and cannot conflict with or override the statute. <u>Weigand v. The Paul Revere Life Ins. Co.</u>, No. 97 C 8880, 1998 WL 142365, at *3 (N.D. Ill. Mar. 19, 1998) (citing <u>Somlyo v. J. Lu-Rob Enterprises, Inc.</u>, 932 F.2d 1043, 1046 (2d Cir. 1991)). It is undisputed that defendant Mannesmann did not file its notice of removal within thirty days of receiving the complaint. Instead, Mannesmann avails itself of the second paragraph of § 1446(b), and asserts that it filed its notice of removal within thirty days of ascertaining that the case was removable, in compliance with that paragraph. Because Mannesmann is the party seeking to preserve removal, it bears the burden of establishing that it complied with the requirements of the removal statute. <u>International Ins. Co. v. Saco Defense, Inc.</u>, No. 98 C 3628, 1998 WL 939680, at *1 (N.D. Ill. Jan. 8, 1998) (Grady, J.) (citations omitted). Mannesmann must meet its burden by a preponderance of the evidence. <u>Id.</u> We believe defendant has met its burden.

According to Mannesmann, it ascertained that the case was removable on February 14, 2000, on receipt of a written admission from plaintiff that the damages he seeks exceed $75,000, in response to a request to admit served on plaintiff on January 7, 2000. Notice of Removal, ¶¶ 2.g., 2.h.; Defendant's Response Memorandum to Plaintiff's Motion for Remand ("Defendant's Response"), at 2. Defendant states it then filed its notice of removal sixteen days later - within the thirty days allowed under the statute - on March 1, 2000.[3]

Ford contends that the thirty-day period began to run much earlier than February 14. He argues that defendant did not indicate in the removal notice when it first acquired knowledge that the claim was worth more than $75,000, and that defendant either did acquire or should have been able to acquire that knowledge well before it filed its notice of removal. Plaintiff's Motion for Remand and Memorandum ("Plaintiff's Memorandum"), at 5. According to plaintiff, defendant should be deemed to have had

---

[3] Arguably, the thirty-day time period began to run on February 4, 2000, when the responses to the requests to admit were due. Local Rule 3 permits a defendant to meet the amount in controversy requirement by showing a plaintiff's deemed admission of the amount by failure to serve a timely denial to a request for admissions. Plaintiff does not deny that the responses to the requests to admit were due on February 4, and that he did not serve them until February 14. It does not matter whether the time began to run on February 4 or February 14, however, because defendant's notice of removal was filed within thirty days of both dates.

actual or constructive knowledge of the value of the case based on the fact that it learned of the accident that is the basis for the lawsuit shortly after it occurred on April 6, 1999, that the complaint alleges plaintiff was "seriously injured," and that the complaint seeks "in excess of $50,000." Id. at 5-6. Plaintiff asserts in his reply brief that "it was plainly obvious, the damages vastly exceeded $75,000." Plaintiff's Reply to Motion for Remand, at 3.

In our view, defendant could not have removed the case based simply on the factors plaintiff cites because those factors did not provide the required degree of certainty that the jurisdictional amount was satisfied. See Abdishi v. Phillip Morris, Inc., No 98 C 1310, 1998 WL 311991, *3 (N.D. Ill. June 4, 1998) (finding that defendant's knowledge of the "serious nature" of plaintiff's injuries and his various medical procedures was insufficient to put defendant on notice that the damages sought would exceed $75,000, and holding that under Local Rule 3, "the thirty-day period is triggered only by the 'receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."). See also Saco Defense, 1998 WL 939680 (Grady, J.), at *3-4.

Plaintiff cites as support for his position <u>Weigand v. The Paul Revere Life Ins. Co.</u>, No. 97 C 8880, 1998 WL 142365 (N.D. Ill. Mar. 19, 1998), which refers to another case from this district, <u>Huntsman Chemical Corp. v. Whitehorse Technologies, Inc.</u>, No. 97 C 3842, 1997 WL 548043 (N.D. Ill. Sept. 2, 1997). In examining the interplay between the federal rule and Local Rule 3, <u>Huntsman</u> stated that the triggering event for the running of the thirty days "is the acquisition of information by the defendant that allows it to determine whether the case is removable. How that information is acquired is immaterial. . . . Certainty is not required - all that a conscientious defendant needs is a reasonable basis in fact to believe that" federal jurisdiction exists. <u>Id.</u> at *6.[4] In <u>Saco Defense</u>, we noted that the language of the removal statute itself calls for greater certainty than simply a "reasonable belief," in that it states that the thirty day time limit does not begin to run until the defendant can first ascertain that the case "is or has become removable," not when it may be removable. 1998 WL 939680,

---

[4] Plaintiff also cites <u>In re the Estate of Emily Sellers</u>, 657 F. Supp. 168 (W.D. Wash. 1987), which stated that the defendant must look beyond the face of the complaint to determine removability within thirty days of receiving the complaint. However, <u>Sellers</u> made no mention of the second paragraph of § 1446(b), concerning situations where the initial complaint is not removable. (That paragraph was amended in 1988, although the "other paper" language was not substantially altered. <u>See</u> Commentary on 1988 Revision of Section 1446 in 28 U.S.C. § 1446.).

at *4. We held that while it is rare that it can be ascertained "with certainty" that a case has become removable, a defendant must have more than a "reasonable basis for believing" that federal jurisdiction exists before filing for removal. Id. at *3.

In short, defendant removed the case within thirty days of receiving a paper from which it could ascertain the removability of the case. The removal was therefore timely.

## 2. There are No Issues as to Subject Matter Jurisdiction

Plaintiff also argues for remand because "there is an issue regarding subject matter jurisdiction," due to S & S Steel Warehouse, Inc., an Illinois corporation, being named a "respondent in discovery." Illinois allows "individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action" to be named as respondents in discovery, pursuant to 735 ILCS 5/2-402. A respondent in discovery, however, is not a party to a lawsuit. Allen v. Thorek Hospital, 656 N.E.2d 227, 233 (Ill. App. Ct. 1995). This is a procedural question, and under Erie v. Tompkins principles, we would not be obligated to follow the Illinois view. However, we see no reason not to. See Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, n.3 (7th Cir. 1996) (finding the

citizenship of a respondent in discovery irrelevant for diversity purposes). Therefore, we do not consider S & S Steel a party litigant for purposes of determining diversity. See Murphy v. Schering Corp., 878 F. Supp. 124, 126 (N.D. Ill. 1995). If S & S Steel were ultimately made a party to the lawsuit, its joinder would be governed by Rules 19 and 20 of the Federal Rules of Civil Procedure. Id.

There is no present issue about subject matter jurisdiction. "[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed." Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997). S & S Steel is not presently a party to this lawsuit, and was not when defendant removed the case. The only parties relevant to determining whether complete diversity exists are plaintiff Ford and defendant Mannesmann, who undeniably are diverse.

All of plaintiff's arguments anticipate issues that would arise if S & S Steel were an actual party to the case. Plaintiff first contends that S & S Steel is subject to compulsory joinder, pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure. He asserts that because S & S Steel has already paid more than $125,000 for plaintiff's medical and other expenses and is liable for even more, it is a party in interest that is indispensable and

necessary to the lawsuit. Plaintiff's Memorandum, at 6-7. According to plaintiff, the Illinois Worker's Compensation Act would allow S & S Steel to intervene in the case to protect its subrogation interest.[5] Id., at 6-7. This argument is premature because S & S Steel has not sought to intervene.

Plaintiff also contends that defendant is likely to seek contribution from S & S Steel and add it as a third-party defendant, since defendant could argue that S & S Steel acted negligently in ordering plaintiff to do the work that resulted in the injury. According to plaintiff, if S & S Steel is joined, and the joinder destroys diversity, the case would have to be remanded to state court. See Id., at 7 (citing South Panola Consol. School Dist. v. O'Bryan, 434 F. Supp. 750 (D.C. Miss. 1977); Tompkins v. Lowe's Home Center, Inc., 847 F. Supp. 462 (E.D. La. 1994)). Like plaintiff's first argument, this one also fails because whether removal is proper does not depend on a potential party's possible effect on diversity. We also note that defendant represented in its response brief that it has no intention of joining S & S Steel. See Defendant's Response, at 9. For these same reasons,

---

[5]/We note that if he believes that S & S Steel is subject to compulsory joinder, and that such joinder will destroy diversity, the rule under which we would join it as a party is not 19(a)(2), because that rule does not permit joinder where diversity would be destroyed. Rather, we would examine Rule 19(b), which permits joinder if the court determines "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."

plaintiff's argument that either he or defendant may add another Illinois party, Sugar Steel Corporation, an Illinois corporation, fails as well.

### CONCLUSION

Plaintiff's motion for remand is denied. A status conference is set for October 18, 2000 at 9:30 a.m.

DATE:     September 29, 2000

ENTER:    _____
          John F. Grady, United States District Judge